

**FILED**
MARIE RAMSEY - HIRST COURT CLERK
CANADIAN COUNTY OKLA.

FEB - 5 2016

BY _____ DEPUTY

IN THE DISTRICT COURT FOR THE
STATE OF OKLAHOMA, CANADIAN COUNTY

James Mernka, )
    Plaintiff, )
vs. ) CASE No.: CJ 2016 52 53
United Healthcare Services Inc. )
Defendant. )

CASE ASSIGNED TO:

JUDGE: GARY E. MILLER

### PETITION

Plaintiff, for his cause of action alleges and states:

1.     This is an action brought pursuant to 29 U.S.C § 1001, et. seq. (ERISA).

2.     The Court has jurisdiction pursuant to ERISA.

### PARTIES

3.     Plaintiff is a citizen of Canadian County, Oklahoma. Pursuant to his employment with Bloom Electric Services, LLC, Plaintiff was covered by an employee benefit plan (Policy # 304157), issued, sponsored and administered by defendant ("the plan"). The plan provided for Defendant to pay disability benefits if Plaintiff became disabled as defined by the plan.

4.     While covered by the plan, Plaintiff became totally disabled (secondary to Multiple Sclerosis and other co-morbid conditions) on or about February 27, 2015. After becoming disabled, Plaintiff complied with all relevant administrative procedures regarding his claim for the benefits at issue, but defendant denied the claim. Mr. Mernka appealed this

denial of benefits but Defendant refused to reinstate Plaintiff's benefits, despite overwhelming evidence of disability, including but not limited to a prompt finding of total disability by the Social Security Administration.

5. Defendant denied Plaintiff a full and fair review, in violation of ERISA's statutory and regulatory mandates.

6. In compliance with the plan's administrative requirements, Plaintiff timely submitted his appeal of the benefit denial to Defendant on September 8, 2015 (and supplemented same October 27, 2015) defendant did not extend its time to respond, instead it inexplicably issued its denial of the appeal on January 25, 2015, one hundred and forty one days post-appeal, in violation of ERISA's statutory and regulatory provisions; this delay constitutes a prejudicial procedural irregularity.

7. Defendant's denial of benefits was in violation of all relevant legal standards of review.

8. Defendant's denial of benefits is contrary to the benefit plan's express provisions and constitutes an abuse of discretion as well as a breach of Defendant's fiduciary and other ERISA-imposed duties owed to Plaintiff.

9. As a result of defendant's actions, Plaintiff has been damaged in the amount of accrued and accruing benefits; Plaintiff has also incurred legal costs and attorney's fees.

10. Plaintiff has exhausted all administrative remedies and this action is timely filed.

Wherefore, Plaintiff prays the court find that Defendant has breached its plan-imposed duties and award plaintiff all accrued and accruing benefits and further award all other appropriate relief, including costs, interest and attorney's fees.

Respectfully Submitted,

*(signature)*

Roy S. Dickinson, OBA #13266
1408 Winding Ridge Rd.
Norman, OK 73072
(405) 321-3288
(405)973-2204 (fax)
Roy.d@coxinet.net

**ATTORNEY'S LIEN CLAIMED**